lml

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **KELLEE CARMAN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 09-2538-JAR |
| ) | |
| **THE CBE GROUP, INC.,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## MEMORANDUM AND ORDER

Plaintiff Kellee Carman filed this lawsuit against defendant The CBE Group, Inc., alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. This matter is before the Court on defendant's Motion to Dismiss Plaintiff's Complaint (Doc. 9) for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). In response to defendant's motion, plaintiff states that she withdraws several of her FDCPA claims and seeks leave to amend her Complaint to allege sufficient facts to support her remaining claims (Doc. 12).

Effective December 1, 2009, Rule 15(a) of the Federal Rules of Civil Procedure was amended to permit a plaintiff to amend a pleading as a matter of course within twenty-one days of service of a responsive pleading or motion under Rule 12(b).[1] After twenty-one days, the plaintiff must obtain leave to amend.[2] Defendant's Motion to Dismiss was filed on March 3, 2010, and plaintiff responded on March 24, 2010, attaching her First Amended Complaint as

---

[1] Fed. R. Civ. P. 15(a)(1)(B).

[2] Fed. R.Civ. P. 15(a)(2).

Exhibit 3 to her response. Defendant objects to plaintiff's attempt to seek leave to amend her Complaint as improper under grounds applicable to the former Rule.[3] Although plaintiff couches her response to defendant's motion to dismiss as seeking leave to amend her Complaint, such leave is not necessary because under amended Rule 15(a)(1)(B), plaintiff was permitted to file her First Amended Complaint without leave of Court. Thus, the Court directs plaintiff to file the First Amended Complaint, which will be construed as timely filed as of the date of plaintiff's response. Because plaintiff purports to withdraw several of her claims and make an additional showing as to those claims remaining as well as additional claims to be added, the Court denies defendant's Motion to Dismiss without prejudice to refile with respect to the amended Complaint.[4]

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's Motion to Dismiss (Doc. 9) is DENIED without prejudice. Plaintiff shall file her First Amended Complaint, attached as Exhibit 3 to her response, forthwith.

**IT IS SO ORDERED.**

Dated: April 26, 2010

                                         S/ Julie A. Robinson
                                         JULIE A. ROBINSON
                                         UNITED STATES DISTRICT JUDGE

---

[3] Under former Rule 15(a), a party's ability to amend without leave of court was limited to the time "before being served with a responsive pleading." Defendant filed its answer on November 12, 2009 (Doc. 4).

[4] *See* Fed. R. Civ. P. 15(a)(3).