IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| KELLEE CARMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 09-2538-JAR |
| ) | |
| THE CBE GROUP, INC., ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## MEMORANDUM AND ORDER

Plaintiff Kellee Carman filed this lawsuit against defendant The CBE Group, Inc., alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. Defendant moved to dismiss and the Court granted plaintiff leave to amend her Complaint (Doc. 17). Plaintiff has since filed a First Amended Complaint (Doc. 22), and this matter is now before the Court on defendant's Motion to Dismiss Plaintiff's Amended Complaint and for Sanctions (Doc. 25). Defendant moves for dismissal of plaintiff's claims under Rule 12(b)(6) and seeks sanctions pursuant to 15 U.S.C. § 1692k(a)(3) and 28 U.S.C. § 1927. For the reasons stated below, the Court denies defendant's motion.

### I. Rule 12(b)(6) Standards

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[1] In deciding a Rule 12(b)(6) motion to dismiss, the court draws all reasonable inferences in favor of the plaintiff.[2] Under Fed. R. Civ.

---

[1] *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

[2] *Dias v. City & County of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009).

P. 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." It must give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.[3] In so doing, a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level" and must contain "enough facts to state a claim to relief that is plausible on its face."[4] A complaint that contains nothing more than legal conclusions or "a formulaic recitation of the elements of a cause of action" will not survive a motion to dismiss.[5] On the other hand, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[6]

## II.  Discussion

Defendant argues that plaintiff's Amended Complaint does not address any of the deficiencies noted in defendant's original motion to dismiss. Defendant argues it consists of legal conclusions without factual support. Plaintiff has voluntarily withdrawn her § 1692c(a)(3) claim and seeks leave to file a second amended complaint regarding the § 1692d(6) and § 1692k(d) claims. Plaintiff contends that her § 1692d(5), § 1692e(10), and § 1692f claims are sufficiently stated. In so arguing, plaintiff attached discovery to her response. The Court disregards this material as beyond the scope of Rule 12(b)(6).[7] Furthermore, any statistical

---

[3]*Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957))

[4]*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

[5]*Ashcroft v. Iqbal*, – U.S. –, 129 S. Ct. 1937, 1949–50 (2009) (internal quotation marks omitted).

[6]*Id.* at 1949.

[7]*See Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007).

overview of FDCPA litigation has no bearing on whether the complaint states claims upon which relief may be granted. The Court disregards these arguments in reviewing plaintiff's allegations.

### A. Sections 1692d(5) and 1692d(6)

Plaintiff alleges that defendant's telephone calls to plaintiff violated 15 U.S.C. § 1692d(5) and § 1692d(6), which provide:

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .
>
> (5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.
>
> (6) Except as provided in section 1692b of this title, the placement of telephone calls without meaningful disclosure of the caller's identity.

Plaintiff alleges defendant violated § 1692d(5) by "causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff," and violated § 1692d(6) "by placing telephone calls to Plaintiff without meaningful disclosure of the caller's identity because Defendant calls Plaintiff and hangs up without leaving a voicemail message." Plaintiff requests leave to delete certain language from her § 1692d(6) claim.

The Court finds the factual allegations sufficient to survive defendant's motion to dismiss. The First Amended Complaint states that defendant constantly and continuously placed collection calls to plaintiff, demanding payment. Plaintiff asked defendant not to call her place of employment, yet defendant continued to make repeated "hang up" calls to plaintiff's place of employment, as well as to her cell phone. The Amended Complaint indicates that plaintiff has a

3

record of these calls, and provided the numbers both to which and from which defendant placed its calls. By acting in opposition to plaintiff's request to cease calling her employer, defendant's intent to annoy, abuse or harass is apparent. Furthermore, the "hang up" calls were placed by a caller who failed to give meaningful disclosure of his or her identity. At the pleading stage, the factual basis for plaintiff's § 1692d(5) and § 1692d(6) claims are sufficiently stated to place defendant on notice and to equip defendant to engage in discovery on these claims.[8] There is nothing in the statute that requires plaintiff to incorporate into her pleading all discovery she may have regarding the approximate number of times, the frequency, or the duration of time over which these telephone calls were made.[9] Defendant's motion to dismiss these claims is denied.

### B. Section 1692e(10)

Plaintiff alleges that defendant's telephone calls violated § 1692e(10), which provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

In her First Amended Complaint, plaintiff alleges defendant violated § 1692e(10) "because Defendant calls Plaintiff and hangs up without leaving a voicemail message." Whether this conduct is captured within the meaning of "deceptive" in § 1692e(10) is better determined on summary judgment, when the Court will be in a position to consider the law in light of the

---

[8]*Jeter v. Alliance One Receivables Mgmt., Inc.*, No. 10-2024-JWL, 2010 WL 2025213, at *5 (D. Kan. May 20, 2010) (holding that plaintiff's allegations that defendant failed to meaningfully identify itself was sufficient to support a claim under § 1692d(6)).

[9]*Id.*

facts developed through discovery. Drawing all reasonable inferences in favor of plaintiff, the Court denies defendant's motion to dismiss this claim.

### C. Section 1692f

Finally, plaintiff alleges that defendant's telephone calls to plaintiff violated § 1692f, which provides: "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." Plaintiff alleges that defendant violated this section "because Defendant calls Plaintiff and hangs up without leaving voicemail messages." Although it is unclear whether a failure to leave a voicemail message is an "unfair" or "deceptive" practice under the Act, it is reasonable to infer that repeated, intentional calls, terminated before any communication is made, would be "unfair" or "unconscionable." Defendant's repeated calls to plaintiff without any message is factually sufficient to make plaintiff's § 1692f claim plausible on its face. Plaintiff states that her claims are within the one-year statute of limitations, therefore, defendant's argument for dismissal on this basis is moot.

Defendant moves for an award of attorneys' fees as sanctions pursuant to 15 U.S.C. § 1692k(a)(3) and 28 U.S.C. § 1927. In light of the Court's ruling on defendant's motion to dismiss, defendant's motion for attorneys' fees is denied without prejudice.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's Motion to Dismiss Plaintiff's Amended Complaint and for Sanctions (Doc. 25) is denied. The Court denies plaintiff's request for leave to amend the complaint as moot.

**IT IS SO ORDERED.**

Dated: July 28, 2010

       S/ Julie A. Robinson
       JULIE A. ROBINSON
       UNITED STATES DISTRICT JUDGE